IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UMAR ADEYOLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:21CV886 |
| DR. EDAVALLY REDDY, et al., | ) ) ) |
| Defendant(s). | ) ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former federal prisoner now residing in New Jersey, submitted a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), together with an application to proceed *in forma pauperis*. Plaintiff alleges that Defendants provided him with constitutionally inadequate medical care while he was housed at FCE Butner. For the reasons explained below, this action should be transferred to the Eastern District of North Carolina.

With respect to Plaintiff's Bivens claims, the statute for determining venue in the present case is 28 U.S.C. § 1391, which reads in pertinent part:

(b)     A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see Stafford v. Briggs, 444 U.S. 527, 544 (1980). Moreover, to the extent Plaintiff may instead be intending to pursue an action under the Federal Tort Claims Act, venue would be proper under 28 U.S.C. § 1402(b) in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." See Lopez v. U.S. Government, 68 F. Supp. 2d 688 (M.D.N.C. Oct. 21, 1999).

Here, all named Defendants are employed at FCI Butner, in the Eastern District of North Carolina, and it appears that the events or omissions giving rise to the claims also occurred in that District. In addition, the Eastern District of North Carolina is the district "wherein the act of omission complained of occurred." Thus, although the nature of Plaintiff's claims is unclear in some respects, in any interpretation venue is proper in the Eastern District of North Carolina. Moreover, the Court has discretion to transfer this action to an appropriate district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). See, e.g., Saudi v. Northrop Grumman Corp., 427 F.3d 271, 277 (4th Cir. 2005); In re Carefirst of Maryland, Inc., 305 F.3d 253, 255–56 (4th Cir. 2002); see also Lobacz v. United States, 1:19CV497, 2019 WL 12095412 at *4 (M.D.N.C. Oct. 10, 2019). Given that all of the claims relate to alleged occurrences in the Eastern District of North Carolina, and in the interest of justice, this case should be transferred to the United States District Court for the Eastern District of North Carolina for further proceedings.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be transferred to the United States District Court for Eastern District of North Carolina.

This, the 29th day of November, 2021.

                                                                              /s/ Joi Elizabeth Peake
                                                                             United States Magistrate Judge